```
                UNITED STATES DISTRICT COURT
                 MIDDLE DISTRICT OF FLORIDA
                     FORT MYERS DIVISION
```

JOSE EMANUEL GALLARDO,

      Petitioner,

v.                        Case No: 2:25-cv-1193-JES-DNF

WARDEN GLADES DETENTION FACILITY, FIELD OFFICE DIRECTOR FOR DETENTION AND REMOVAL, U.S. IMMIGRATION AND CUSTOMS ENFORCEMENT, KRISTI NOEM, and PAMELA BONDI,

      Respondents.
_____/

## OPINION AND ORDER

Before the Court are Jose Emanuel Gallardo's petition for writ of habeas corpus (Doc. 1) and the government's response (Doc. 4). For the reasons below, the Court grants the petition.

### I. Background

Gallardo is a citizen of Nicaragua who entered the United States as an unaccompanied alien child in 2020. (Doc. 1 at 1). He was processed by the Department of Health and Human Services and released to the custody of a sponsor in the United States. (Id.) Gallardo has a pending asylum application, and he was granted employment authorization based on that application. (Id. at 1–2). He has no criminal history. (Doc. 4-1 at 1).

Gallardo was detained by Immigration and Customs Enforcement

(ICE) on November 16, 2025. (Doc. 1 at 2). He is currently detained at the Glades County Detention Center. (Doc. 1 at 2). Gallardo requested review of his custody by an immigration judge, but the judge issued an order stating that he lacked jurisdiction to hear the bond redetermination request because Gallardo entered the country without inspection. (Id. at 4).

In short, Gallardo is detained under 8 U.S.C. § 1225. (Doc. 4 at 2). He argues, among other things, that he is entitled to a bond hearing under 8 U.S.C. § 1226(a). (Doc. 1 at 8).

## II.  Discussion

The core dispute before this Court is whether 8 U.S.C. § 1225(b)(2) or § 1226(a) of the Immigration and Nationality Act ("INA") applies to Gallardo. The distinction matters because § 1225(b)(2) mandates detention throughout removal proceedings, whereas aliens detained under § 1226(a) have the right to a bond hearing before an immigration judge.

Section 1225(b)(1) establishes the procedures for expedited removal. It allows immigration officers to remove noncitizens "without further hearing or review." 8 U.S.C. § 1225(b)(1)(A)(i). Because expedited removal affords substantially fewer protections to the noncitizen's rights, the INA limits its applicability in two ways. First, noncitizens may be eligible for expedited removal "only if they are inadmissible on the basis that they either lack proper entry documents or falsified or misrepresented

2

their application for admission." Coalition for Humane Immigrant Rights v. Noem, --- F. Supp. ---, ---, 2025 WL 2192986, at *5 (D.D.C. 2025) (citing 8 U.S.C. §§ 1225(b)(1)(A)(i) and 1182(a)(6)(C), (a)(7)). And "[a]mong that set, only two categories of noncitizens are eligible for expedited removal: (1) noncitizens 'arriving in the United States,' and (2) noncitizens who 'ha[ve] not been admitted or paroled into the United States' and cannot affirmatively show that they have been 'physically present in the United States continuously for the 2-year period immediately prior to the date of the determination of inadmissibility." Id. (quoting 8 U.S.C. § 1225(b)(1)(A)(i)-(iii)).

Section 1226 also "authorizes the Government to detain certain aliens already in the country pending the outcome of removal proceedings[.]" Jennings v. Rodriguez, 583 U.S. 281, 289 (2018). But it provides additional safeguards, including the right to an individualized bond hearing. Id. at 306 ("Federal regulations provide that aliens detained under § 1226(a) receive bond hearings at the outset of detention.")(citing 8 C.F.R. §§ 236.1(d)(1), 1236.1(d)(1)). Noncitizens already in the country are treated differently than those seeking entry. As the Supreme Court observed, "our immigration laws have long made a distinction between those aliens who have come to our shores seeking admission . . . and those who are within the United States after an entry,

irrespective of its legality.  In the latter instance the Court has recognized additional rights and privileges not extended to those in the former category who are merely 'on the threshold of initial entry.'" Leng May Ma v. Barber, 357 U.S. 185, 187 (1958) (quoting Shaughnessy v. United States ex rel. Mezei, 345 U.S. 206 (1953)); see also Zadvydas v. Davis, 533 U.S. 678, 693 (2001)("But once an alien enters the country, the legal circumstance changes, for the Due Process Clause applies to all 'persons' within the United States, including aliens, whether their presence here is lawful, unlawful, temporary, or permanent.").

Respondents argue that Gallardo is properly detained under section 1225(b).[1]  However, they make no cogent argument that he is subject to expedited removal.  The government could have designated Gallardo for expedited removal when he entered the country in 2020, at the age of seventeen.  Instead, they released him and allowed him to stay for more than five years before arresting him.  As a result, he is not eligible for "expedited"

---

[1] Respondents also argue that the Court lacks jurisdiction to consider this petition and that Gallardo has not properly exhausted his administrative remedies.  (Doc. 4 at 4).  The Court has rejected identical arguments in recent cases presenting the same issues.  See Cetino v. Hardin, No. 2:25-cv-1037-JES-DNF (M.D. Fla. December 12, 2025); Patel v. Parra, No. 2:25-cv-870-JES-NPM (M.D. Fla. Dec. 2, 2025); Reyes Rodriguez v. Florida Southside Facility, No. 2:25-cv-1012-JES-DNF (M.D. Fla. December 15, 2025).  In those cases, the Court was satisfied of its jurisdiction and determined that exhaustion was excused because it would be futile.  The Court's reasoning on these issues also applies here.

4

removal. Thus, Respondents' authority to detain Gallardo stems from section 1226(a). As a noncitizen detained under section 1226(a), Gallardo has a right to a bond hearing.

The Court will thus order Respondents to either bring Gallardo before an immigration judge for a bond hearing or release him within ten days. The Court is aware that the Executive Office for Immigration Review ("EOIR") is the agency that schedules bond hearings. Here, and in other cases before this Court, Respondents have claimed they cannot direct the EOIR when to conduct a bond hearing. (Doc. 4 at 4-5). Regardless, subjecting Gallardo to mandatory detention under § 1225(b)(1) is unlawful. If the respondents are unable to ensure Gallardo receives the bond hearing he is entitled to under § 1226(a) within ten days, they must release him.

Accordingly, it is

**ORDERED**:

1. Jose Emanuel Gallardo's Petition for Writ of Habeas Corpus (Doc. 1) is **GRANTED**.

2. Within **TEN (10) DAYS** Respondents shall either provide Gallardo with the statutory process required under § 1226, which includes a bond hearing or release him under reasonable conditions of supervision.

3. If Respondents release Gallardo, they shall facilitate his transportation from the detention facility by notifying his

counsel when and where he may be collected.

4.  The Clerk is **DIRECTED** to terminate any pending motions and deadlines, enter judgment, and close the case.[2]

**DONE AND ORDERED** in Fort Myers, Florida on January 20, 2026.

_____
JOHN E. STEELE
SENIOR UNITED STATES DISTRICT JUDGE

---

[2] The Court is aware of a pending California case that certified a class action of aliens who are in immigration detention and being denied access to a bond hearing. See Bautista v. Santacruz, No. 5:25-CV-01873-SSS-BFM, 2025 WL 3288403 (C.D. Cal. Nov. 25, 2025). No final judgment has been issued in Bautista to bind the parties here. The Court finds no reason to dismiss or stay this case in the meantime.